UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-02189-SSS-SHKx | Date | February 8, 2023 |
| Title | Thomas Evans v. Cemex Construction Materials Pacific, LLC, et al. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| IRENE VAZQUEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present      None Present

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 18]**

     Before the Court is Plaintiff Thomas Evans' Motion to Remand this action to the Superior Court of the State of California for the County of San Bernadino (the "Motion"). [Dkt. 18]. The Motion is now fully briefed and ripe for decision. For the following reasons, the Motion is DENIED without prejudice for failure to comply with Local Rule 7-3.

     Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Local Rule 7-3. Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion." *Id*. "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" *Id*. Moreover, this Court's Civil Standing Order advises the attorneys that "email correspondence alone is insufficient" to satisfy the meet and confer requirement. Civil Standing Order at 12. The Court may strike or deny a motion if counsel fails to meet and confer in good faith.

      At 3:31 p.m. on December 15, 2022, Counsel for Evans emailed Counsel for Cemex Construction Materials Pacific, LLC ("Cemex") demanding that Cemex either stipulate to remand or else counsel for Evans would file a motion to remand and motion for sanctions. [Dkt. 18-2 at 1]. Counsel for Evans further stated, "Please advise by Friday, December 16, 2022 at 5:00PM if Defendants will stipulate to remand this action back to state court." [Dkt. 18-2 at 1]. At 4:08 p.m. on December 15, 2022, Counsel for Cemex responded that they would "be glad to schedule a mutually agreeable time" to meet and confer, but the December 16 deadline was unreasonable. [Dkt. 18-2 at 3]. Thirty minutes later, at 4:38 p.m. on December 15, 2022, Counsel for Evans emailed Counsel for Cemex stating

> This confirms I just called and left you a voicemail. I attempted to discuss this matter with you but it is very clear cut. Would you please let us know if Defendants will stipulate to remand the action to state court?

[Dkt. 18-2 at 4]. Counsel for Evans emailed Counsel for Cemex again on December 16, 2022 at 7:51 a.m., 9:54 a.m., and 10:38 a.m. [Dkt. 18-2 at 4–6]. In addition to the emails, Counsel for Evans called Counsel for Cemex and left another voicemail. [Dkt. 18-2 at 5]. At 11:32 a.m. on December 16, 2022, Counsel for Cemex emailed Counsel for Evans proposing dates and times to schedule a time to discuss Evans' Motion. [Dkt. 18-2 at 6–7]. Counsel for Evans seemingly rejected Counsel for Cemex's proposed dates and stated, "You can call me anytime between now and Monday." [Dkt. 18-2 at 7].

      At 10:42 a.m. on December 19, 2022, Counsel for Evans emailed Counsel for Cemex, "I am following up with you one final time. If you would like to discuss, please call me back by telephone today." [Dkt. 18-2 at 7]. At 1:48 p.m. on December 19, 2022, Counsel for Cemex responded by proposing additional dates and times for a meet and confer discussion. [Dkt. 18-2 at 8]. At 1:53 p.m. on December 19, 2022, Counsel for Evans seemingly ignored Counsel for Cemex's proposed dates and stated, ". . .please consider our meet and conder satisfied. As a result, we intend to proceed with our motions." [Dkt. 18-2 at 9]. The parties then sent four additional emails back and forth on December 19, 2022, culminating with Counsel for Evans stating that he would be out of office on the dates proposed by Counsel for Cemex and that "it seems we are at an impasse with no chance of not having these motions heard." [Dkt. 18-2 at 11].

      The purpose of the meet and confer requirement "is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary

litigation, thus saving the parties', the court's, and the taxpayers' limited time, money, and resources." *Mull v. Motion Picture Industry Health Plan*, No. LA CV 12-06693-VBF, 2015 WL 11233510, at *1 (C.D. Cal. Pct. 15, 2015) (internal quotations omitted). "'There is no futility exception to the meet and confer requirement.'" *Ananiades v. Kendall*, No. CV 21-1645 MCS (PVC), 2022 WL 1446817, at *6 (C.D. Cal. Apr. 14, 2022) (quoting *Bonner v. County of Los Angeles*, No. CV 15-8885 GW (SSx), 2017 WL 10509044, at *2 (C.D. Cal. May 19, 2017)). The emails suggest a failure to engage in a good faith effort to meet and confer. First, Counsel for Evans' initial email failed to initiate a good faith effort to meet and confer. Specifically, Counsel for Evans began by giving Counsel for Cemex an ultimatum: either stipulate to remand by the next day or Evans would file his Motion. Second, when presented with potential dates and times to hold a meet and confer discussion, Counsel for Evans stated, "[M]ost people will be unavailable during the latter part of next week. If you didn't know Christmas is next week. You can call me anytime between now and Monday." [Dkt. 18-2 at 7]. That Counsel for Evans began the meet and confer process one week before Christmas and then failed to compromise on a date and time to meet, suggests that Counsel for Evans was not operating in good faith. Moreover, when Counsel for Cemex presented Counsel for Evans with additional dates to meet and confer after the holiday, Counsel for Evans responded with an email stating, ". . .please consider our meet and confer satisfied." [Dkt. 18-2 at 9]. In truth, it was only in Counsel for Evans' last email that he explicitly stated that he was unavailable to meet and confer on the proposed dates. [Dkt. 18-2 at 11] ("I will be out of office on Wednesday through next week for the Christmas holiday."). In essence, Counsel for Evans only made himself available to meet and confer on December 16, 2022, the day after he contacted Counsel for Cemex about the Motion, and December 19, 2022—without any flexibility. As such, Counsel for Evans failed to engage in good faith efforts to meet and confer, but rather demanded that Counsel for Cemex do what he wanted or else suffer the consequences. Such behavior is unacceptable.

Accordingly, the Court concludes that Counsel for Evans failed to comply with Local Rule 7-3 by not engaging in an adequate meet and confer conference. Thus, the Court hereby **DENIES without prejudice** Evans' Motion for Remand [Dkt. 18] for failure to comply with Local Rule 7-3.

**IT IS SO ORDERED**.