J S - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EVANS,<br><br>                Plaintiff,<br><br>      v.<br><br>CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, *et al.*,<br>                Defendants. | Case No. 5:22-cv-02189-SSS-SHKx<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND [DKT. 32]** |

Before the Court is Plaintiff Thomas Evans' Motion to Remand this Case to the Superior Court of the State of California for the County of San Bernadino ("Motion"). [Dkt. 32]. In the Motion, Plaintiff further requests the Court award attorney fees. [Dkt. 32 at 26]. The Motion is fully briefed and ripe for consideration. [Dkts. 32, 33, & 34]. For the following reasons, Evans' Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

On October 20, 2020, Evans filed an action against Defendants Cemex Construction Materials Pacific, LLC ("Cemex Construction") and Luis Lopez in the Superior Court of the State of California for the County of San Bernadino. [Dkt. 1 at 10–42]. On December 22, 2020, counsel for Evans and counsel for Cemex Construction exchanged emails, agreeing to dismiss Lopez from the suit in exchange for Cemex Construction agreeing to: "1) not remove to federal court and 2) produce Mr. Lopez as a fact witness for deposition. . ." [Dkt. 33-1 at 12]. Plaintiff dismissed Lopez from the action on March 25, 2021. [Dkt. 33 at 10]. On November 14, 2022, Plaintiff added Defendants Cemex USA and Cemex Inc. to the complaint. [Dkt. 32-1 at 2, ¶3, lines 15–16]. On December 12, 2022, Cemex Inc. removed the action to this Court. [Dkt. 32 at 18].

On January 11, 2023, Evans filed his first motion to remand the action to state court. [Dkt. 18]. On May 8, 2023, the Court denied Evans's first motion to remand for failing to meet and confer with Defendants Cemex Construction, Cemex USA, and Cemex Inc. (collectively, the "Defendants"). [Dkt. 25]. The Court dismissed Evans's first motion to remand without prejudice. [Dkt. 25 at 3]. On March 1, 2023, Evans filed this Motion. [Dkt. 32].

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . .to the district court of the United States. . ." The

removal statutes are strictly construed and remand to the state court is to be granted where there are doubts as to the right of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015). District courts must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Where removal is based on diversity of citizenship, diversity must exist when the complaint is filed *and* when the complaint is removed. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (emphasis added) (citing *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) and *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)); *see also Price trustee of Vivian Price Family Trust v. AMCO Insurance Company*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062, at *2 (E.D. Cal. Oct. 10, 2017) ("As a general rule, diversity jurisdiction requires complete diversity of citizenship both at the time the action was commenced in state court and at the time of removal."). The exception to the general rule that diversity must exist at the time of filing and removal is the voluntary-involuntary rule. *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978); *see also Price trustee of Vivian Price Family Trust*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062 at *2. Per the voluntary-involuntary rule, "[i]f a subsequent voluntary act of the plaintiff brings about a change that renders the case removable. . .the court is instructed to look to the citizenship of the parties on the basis of the pleadings filed at the time of removal." *Price trustee of Vivian Price Family Trust*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062 at *2 (internal quotations omitted).

### III.  DISCUSSION

Evans argues the Court should remand this action to state court because: (1) Defendants removal was untimely; (2) Defendants waived their right to

remove the action to federal court; and (3) Cemex Construction cannot consent to or join in removal. [Dkt. 32 at 8–25]. Defendants argue: (1) Cemex Inc.'s removal was proper under 28 U.S.C. § 1446(b)(1); (2) Cemex Construction did not waive its right to consent to removal; and (3) Cemex Inc. has a right to remove under the later-served defendant rule. [Dkt. 33 at 14–27]. The Court addresses these arguments below.

As an initial matter, the Court finds that Evans' meet and confer requirement has been satisfied. Local Rule 7-3 requires the "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion." Evans asserts that he had met with Defendants for "nearly 30 minute[s]" and had asked "whether defense counsel wished to bring up any additional issues." [Dkt. 34 at 7]. Evans further contends that he repeatedly attempted to discuss removal issues with counsel for Defendants. [Dkt. 34 at 6]. In response to Evans's efforts, counsel for Defendants indicated that they were unavailable. [Dkt. 34 at 6]. As such, it is clear that Evans attempted to meet with Defendants in good faith, and that the parties discussed several of Defendants' grounds for remand. Accordingly, the Court rejects Defendants' arguments that Plaintiffs failed to meet and confer.[1]

**A.    Cemex Inc.'s Notice of Removal was Timely**

Evans argues that Cemex Inc's notice of removal was improper because: 1) the notice was filed over one year after the start of Evans' lawsuit and 2) because Cemex Inc.'s notice cited 28 U.S.C. § 1446 generally. [Dkt. 34 at 9–

---

[1] The Court further rejects Defendants argument that Evans' Motion is untimely. As the Court, granted Evans' leave to amend his Motion to comply with the meet and confer requirements of Local Rule 7-3, Evans' time to file this Motion was necessarily extended.

10]. Specifically, Evans alleges that Cemex Inc.'s removal improperly violates 28 U.S.C. § 1446, which prevents defendants from removing "more than 1 year after commencement of the action." [Dkt. 32 at 8]; 28 U.S.C. § 1446(c)(2)(B). Defendants argue that Cemex Inc. was entitled to remove pursuant to the later served defendant rule. [Dkt. 33 at 15]; 28 U.S.C. § 1446(b)(2)(C). The Court rejects both of Evans' arguments.

Here, Cemex Inc. was entitled to remove under the later served defendant rule. The later served defendant rule states that when defendants are served at different times "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). On November 15, 2022, Evans added Cemex Inc. as a defendant. [Dkt. 33 at 10]. On December 15, of 2022, after being added to the lawsuit but prior to being officially served, Cemex Inc. filed a Notice of Removal in this Court. [Dkt. 32 at 18]. As a later served defendant, Cemex Inc. had 30 days to remove the case after being served. *Destfino,* 630 F.3d at 956; *see also Reader v. Bank of America, NA*, 582 F. App'x 719 (9th Cir. 2014). Moreover, Cemex Inc.'s Notice of Removal indicated that removal was "pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, based on diversity of citizenship." [Dkt. 1 at 2]. As Evans provides no caselaw demonstrating that Cemex Inc. is required to allege a specific subsection of § 1446 to remove the action, the Court rejects Evans's argument to that effect. As such, the Court finds that Cemex Inc.'s Notice of Removal is timely and asserted the appropriate statute for removal.

**B. Plaintiff did not Establish Necessary Elements for an Alter Ego Theory**

Evans asserts that the alter ego doctrine should apply, arguing that Cemex Inc. and Cemex Construction are "one and the same." [Dkt. 34 at 26]. Specifically, Evans raises the alter ego doctrine in response to Defendants' later-served defendant arguments. [Dkt. 34 at 13–14]. For the following reasons, the Court rejects Evans' alter ego argument.

An entity will be the alter ego of another only when there is "such a unity of interest and ownership that the separate corporate personalities are merged." *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202, 1219 (2002). Alter ego liability has been rejected in cases where two corporations share senior directors, offices, and some staff. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134–36 (9th Cir. 2003). "The general rule [is] that subsidiary and the parent are separate entities," unless additional evidence is shown demonstrating that "unity of interest" exists. *Harris Rutsky & Co. Ins. Servs.*, 328 F.3d at 1134. Furthermore, "sound public policy dictates that imposition of alter ego liability be approached with caution." *Tran,* 104 Cal. App. 4th at 1219.

Here, Evans has not alleged sufficient facts for the Court to conclude that the alter ego doctrine should apply. Evans alleges that Cemex Inc. and Cemex Construction share employees, corporate agents, and report identical addresses on their corporate filings. [Dkt. 34 at 14]. However, Evans fails to plead any additional facts that would indicate the presence of a unity of interest between the companies. Accordingly, as Cemex Inc. and Cemex Construction are separate companies, the Court declines to pierce the corporate veil at this time and rejects Evans alter ego theory.

### C. Plaintiff's Contract with Cemex Construction Prohibits the Company from Consenting to Removal

Evans argues that remand is required because Cemex Construction cannot consent to Cemex Inc.'s removal. According to the contract, Evans dismissed Lopez in his individual capacity in exchange for Cemex Construction agreeing to "1) not remove to federal court and 2) produce Mr. Lopez as a fact witness for deposition." [Dkt. 32-2 at 1]. The contract was negotiated and agreed to over email. [Dkt. 32-2 at 1]. The relevant emails communicated intent to be bound by an agreement, and the agreement was valuable to both parties. Rest.

2d Contracts § 21.  Accordingly, Evans has provided sufficient evidence to conclude that a contract exists between Evans and Cemex Construction.

The parties do not dispute the existence of the contract, but they do disagree about its effect.  Defendants argue that Cemex Inc. removed the case to federal court, and that Cemex Construction merely consented to the removal. [Dkt. 33 at 23].  Defendants further contend that *consenting* to removal is distinct from *actually removing* a case to federal court.  [Dkt. 33 at 23]. Plaintiff argues to the contrary, contending that Cemex Construction's consent to removal violates the contract.  [Dkt. 34 at 10].  Moreover, Cemex Inc. was not a party to the contract, therefore the agreement binds only Cemex Construction.[2]  [Dkt. 33 at 19].

As an initial matter, it is unclear from the text of the emails whether Cemex Construction is prohibited from consenting to removal.  The agreement between the parties refers to Cemex Construction's ability to remove the matter to federal court.  [Dkt. 32-2 at 1].  Defendants note that some courts have found "a difference between a right to remove and a right to consent to removal." [Dkt. 33 at 23] (citing *Myer v. Nitetrain Coach Co.,* 459 F. Supp. 2d 1074, 1079 (W.D. Wash. 2006)).  Even if a difference exists between the two rights, the information communicated in the contract does not appear to depend on the difference.  Based on the Parties' purported reasons for contracting, the Court looks to whether agreeing "not remove to federal court" prohibits a party from consenting to the removal of a co-defendant.  [Dkt. 32-2 at1].

---

[2] The Ninth Circuit has consistently found that "[a]ll defendants must join in a removal petition with the exception of nominal parties." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).  As such, for removal to be proper Cemex Construction would need to consent to removal.

Due to the Parties' reasons for contracting, it is most likely that the term "removal" neither referenced the specific "right to remove" nor the "right to consent to removal." Rather, the agreement most clearly refers to the risk that Cemex Construction may decide to remove the matter to federal court. This interpretation of the agreement is supported by the fact that Evans is permitted to bring Lopez back into the complaint, thereby destroying diversity. [Dkt. 34 at 8]. There is no evidence that the Parties' emails intended to prohibit only a specific removal procedure. Rather, the intent of the parties seems to be to prevent Cemex Construction from removing generally. Allowing Cemex Construction to consent to removal would therefore undercut its contract with Evans. Therefore, Cemex Construction is not able to consent to removal and remand is proper.

### E. Attorney's Fees are Not Appropriate

Evans argues attorney's fees should be awarded because Defendants knew there was no "objectively reasonable basis for seeking removal." [Dkt. 32 at 21]; *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005).

Under 28 U.S.C. § 1447(c), the Court has wide discretion to grant or deny attorney fees when remanding a case. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c). Attorney fees should be denied when the removing party lacked an objectively reasonable basis for seeking removal. *Martin*, 546 U.S. at 141 ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).

Here, the Court found that, although Cemex Inc.'s removal was permitted by the later-served defendant rule, Cemex Construction, the initial defendant, could not consent to the removal. However, Evans has not alleged sufficient

evidence to establish bad faith. Further, the removal was not subject to unusual circumstances because Cemex Construction's consent to removal was based on a viable interpretation of its contract with Evans. While Cemex Inc.'s removal was misguided, it does not rise to the level of being unreasonable or in bad faith. *See, e.g.*, *Price trustee of Vivian Price Family Trust v. AMCO Insurance Company*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062, at *4 (finding attorney fees should not be awarded because defendant's actions in removing the case were not unreasonable); *Hall v. GranCare, LLC*, No. 15-2201 MMC, 2015 WL 5882001, at *3 (finding attorney fees should not be granted because there was no evidence of unusual circumstances nor was defendant's removal objectively unreasonable). [Dkt. 1 at 32–43]. Accordingly, the Court does not award Plaintiff attorney fees.

### IV. Conclusion

It is therefore **ORDERED t**hat Evans's Motion to Remand [Dkt. 32] is **GRANTED in part and DENIED in part.** Specifically:

(1) As to Evans's request to remand the matter to state court, the Motion is **GRANTED;** and

(2) As to Evans's request for attorney's fees, the Motion is **DENIED.**

Accordingly, the Court **ORDERS** this case remanded to the Superior Court of the State of California in and for the County of San Bernadino.

**IT IS SO ORDERED.**

Dated: June 8, 2023

_____
SUNSHINE S. SYKES
United States District Judge